

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-15-00262-CR, 04-15-00263-CR, & 04-15-00264-CR

Angel H. **LONGORIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2014CR9330, 2014CR5599A, & 2104CR5685A
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  September 9, 2015

DISMISSED

Angel H. Longoria pleaded guilty to the offense of aggravated robbery pursuant to a plea bargain agreement. As part of his plea-bargain, Longoria signed a separate "Waiver of Appeal." The trial court imposed sentence in accordance with the plea agreement. The trial court signed a certificate stating that "[this] is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal[.]" Longoria timely filed a notice of appeal and the record was filed.

Thereafter, counsel for Longoria filed a motion to abate the appeal in which he argued that the certificate is defective because it does not comport with the record. Specifically, counsel noted that: no rulings were made on any of the written motions that were filed in the case; none of the orders associated with written motions were signed; the trial court and the parties made no reference to any ruled-upon motions during the plea-entry hearing; and there are no entries on the docket sheet that would reflect that a motion was heard or ruled on. Thus, counsel argued that there were no matters that were raised by written motion filed and ruled on before trial, and requested that we abate the appeal and remand the cause to the trial court so that the trial court could reconsider the certification of the defendant's right of appeal and so that an accurate certification could be obtained from the trial court.

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure requires "[t]he trial court [to] enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2). This court is "obligated to review that record [to] ascertain[ ] whether the certifications [are] defective." *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). A certification is "defective" if it "proves to be inaccurate" "when compared with the record." *Id.* at 614.

Accordingly, we granted counsel's motion and abated the appeal for the trial court to reconsider the certification. On August 18, 2015, the trial court signed an amended certification in each cause number, stating that this "is a plea-bargain case, and the defendant has NO right of appeal." Each certification has been filed in a supplemental clerk's record.

Our independent review of the record discloses that each case is a plea bargain case and that Longoria signed a waiver of his limited right of appeal. The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. We therefore agree with counsel and the trial court that

the record establishes Longoria does not have a right to appeal.  *See* TEX. R. APP. P. 25.2(a)(2).

We thus dismiss these appeals.  TEX. R. APP. P. 25.2(d).

PER CURIAM

Do not publish